O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PRESTON GARDNER, | ) | NO. CV 12-8907-RGK (MAN) |
| | ) | |
| Petitioner, | ) | ORDER: DENYING PETITION AND |
| | ) | |
| v. | ) | DISMISSING ACTION WITH PREJUDICE; |
| | ) | |
| E. VALENZUELA, | ) | AND DENYING CERTIFICATE OF |
| | ) | |
| Respondent. | ) | APPEALABILITY |
| | ) | |

    On July 23, 2012, Petitioner, a prisoner in state custody, filed a 28 U.S.C. § 2254 habeas petition ("Petition") in the United States District Court for the Eastern District of California. The Petition thereafter was transferred to this District and filed on October 16, 2012. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. The Court has concluded that summary dismissal of the Petition is required, because federal habeas relief is foreclosed for the reasons set forth below.

**PRIOR PROCEEDINGS**

In 1992, Petitioner was convicted of, among other crimes, first degree murder with the use of a firearm. He was sentenced to 19 years to life with the possibility of parole. (Petition at 2; attached California Supreme Court habeas petition with appended exhibits ("Pet. Ex."), Pet. Ex. A, transcript of February 24, 2010 hearing before the State of California Board of Parole Hearings ("HT") 3.)

On February 24, 2010, Petitioner appeared before the Board of Parole Hearings ("Board") for a subsequent parole consideration hearing, which is the proceeding at issue in this action. (Pet. Ex. at 6a-6c; HT, *passim*.) Petitioner was represented by counsel at the hearing. (HT 3-4.) Petitioner acknowledged that, prior to the hearing, he received a document listing his rights in connection with the parole consideration hearing and reviewed them with a counselor. (HT 6.) Petitioner and his attorney confirmed that they had met previously to discuss the hearing procedure, Petitioner's rights regarding the hearing, and the factors the Board would be considering. (*Id.*) Petitioner's attorney acknowledged that Petitioner's rights were met in connection with the hearing. (HT 7.)

During the hearing, Petitioner exercised his right to speak, and he spoke about the circumstances of his commitment offense, his prior criminal history, his conduct in prison (including disciplinary infractions, work and educational history, and self-help program efforts), the letters of support he had received, his parole plans, and the reasons why he should be released on parole. (*See* HT 22-50.)

Petitioner's counsel presented a closing argument regarding Petitioner's suitability for parole. (HT 59-62.) Petitioner made a statement regarding his desire to be paroled. (HT 62-64.)

Following the hearing, the Board found Petitioner unsuitable for parole, concluding that he poses an unreasonable risk of danger if released from prison. (HT 65.) The Board specifically explained the reasons for its decision and set a five-year deferral period for Petitioner's further consideration for parole. (HT 65-76; hereafter, the "Board Decision.")

Petitioner sought habeas relief in the trial court, the California Court of Appeal, and the California Supreme Court. (Petition at 6; Pet Ex.; Pet. Ex. F-H.) The trial court reviewed the record and concluded, *inter alia*, that there is "some evidence" to support the Board's decision that Petitioner constitutes a current threat to public safety. (Pet. Ex. F, January 7, 2011 order of the trial court, *citing* In re Lawrence, 44 Cal. 4th 1181, 1212, 82 Cal. Rptr. 3d 169 (2008), and In re Shaputis, 44 Cal. 4th 1241, 1254, 82 Cal. Rptr. 3d 213 (2008).) Both the California Court of Appeal and the California Supreme Court denied relief summarily. (Pet. Ex. G-H, February 17, 2011 Order of the California Court of Appeal, and September 14, 2011 Order of the California Supreme Court.)

**PETITIONER'S HABEAS CLAIM**

Petitioner does not allege any habeas claim in the Petition, rather, he directs the Court to "see" the appended copy of his state

3

high court habeas petition "for grounds." (Petition at 6.)

In his California Supreme Court habeas petition, Petitioner argued the following "grounds for relief": (1) the evidence on which the Board relied to find Petitioner unsuitable for parole does not satisfy the Board's rules and California's "some evidence" standard, and thus, due process was violated by the Board Decision; (2) the Board violated due process by relying predominantly on the circumstances of Petitioner's commitment offense; (3) the Board's reliance on the circumstances of the commitment offense was arbitrary and capricious, because Petitioner presented evidence of rehabilitation and that he is not a present danger to society consistent with California Penal Code § 3041(a) and (b); and (4) the Board's decisionmaking process and policies violated Petitioner's state and federal constitutional protections against arbitrary and capricious governmental actions. (Pet. Ex., appended Memorandum of Points and Authorities at 2.) The Court, thus, assumes that he makes these same four arguments in this action.

**DISCUSSION**

California's parole scheme contemplates that a prisoner sentenced to a term of life with the possibility of parole must be found suitable for parole before a parole date can be set. California Penal Code § 3041(b) and related implementing regulations set forth criteria for determining whether a prisoner is suitable for parole. *See* Cal. Code Regs. tit. 15, § 2402. The prisoner must be found unsuitable and denied a parole date if, in the judgment of the panel, he or she will pose an unreasonable danger to society if released. Cal. Code Regs. tit. 15,

§ 2402(a).  "[T]he paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety and thus may not be released on parole." Lawrence, 44 Cal. 4th at 1210, 82 Cal. Rptr. 3d at 189.  As a matter of California law, a finding that a prisoner is unsuitable for parole must be supported by "some evidence" that he currently poses such a threat. *See id.* at 1212, 82 Cal. Rptr. 3d at 190; Shaputis, 44 Cal. 4th at 1254, 82 Cal. Rptr. 3d at 222-23.

The claims alleged by Petitioner challenge the validity of the Board Decision under California law.  As noted above, Petitioner contends that the Board did not apply its own rules and California's "some evidence" requirement properly and violated due process by relying unduly on the circumstances of Petitioner's commitment offense, to the derogation of the evidence he believes warranted a finding of suitability.  Petitioner argues that he has a substantive due process right to have the Board assess his suitability for parole in compliance with California law and to assess the evidence supporting a finding of suitability adequately.  Petitioner contends that the reasons given by the Board to find him unsuitable for parole do not satisfy this substantive due process right, are inadequate under California law, and are not supported by "some evidence."  (Pet. Ex., appended Memorandum of Points and Authorities at 11-24.)

In Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859 (2011)(*per curiam*), the Supreme Court considered a habeas claim that a California state prisoner's right to federal due process was violated by parole unsuitability findings that were not supported by "some evidence."  The

5

Supreme Court concluded that a state, such as California, may create "a liberty interest in parole." *Id.* at 861. The existence of such a *state* liberty interest, however, does not give rise to a *federal* right to be paroled. *Id.* at 862; *see also* Roberts v. Hartley, 640 F.3d 1042, 1045-46 (9th Cir. 2011)(explaining Cooke). Rather, the federal due process protection for such a state-created liberty interest is limited to whether "the minimum procedures adequate for due-process protection of that interest" have been met, namely, whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Cooke, 131 S. Ct. at 862-83; *see also* Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011)("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural question is "the beginning and the end of" a federal habeas court's inquiry into whether due process has been violated when a state prisoner is denied parole. Cooke, 131 S. Ct. at 862; *see also* Roberts, 640 F.3d at 1046 ("If the state affords the procedural protections required by . . . *Cooke*, that is the end of the matter for purposes of the Due Process Clause.").

In Cooke, the Supreme Court rejected the rationale of prior Ninth Circuit decisions, which found compliance with California's "some evidence" standard to be a "substantive federal requirement" under the Due Process Clause of the United States Constitution. Cooke, 131 S. Ct. at 862. Indeed, the Supreme Court unequivocally stated that "it is no federal concern . . . whether California's 'some evidence' rule of

judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863; *see also* Miller, 642 F.3d at 716 (opining that earlier Ninth Circuit decisions on the scope of federal habeas review of parole decisions have "been superseded" by Cooke).

Cooke has clearly established that the *only* federal habeas claim available to a California prisoner found unsuitable for parole is a procedural one, *i.e.,* a claim that the prisoner was not afforded an opportunity to be heard and/or given a statement of the reasons why parole was denied. Cooke, 131 S. Ct. at 862. Petitioner does not and cannot make such a claim, as the record plainly forecloses any such contention. (*See* HT, *passim*.)

The Petition asserts the types of substantive due process claims precluded by Cooke. Petitioner takes issue with the correctness of the Board's conclusion on the issue of his current dangerousness, and he asks this Court to assess the validity of the Board's underlying findings -- a task that is outside the scope of the habeas review available under 28 U.S.C. § 2254.

Accordingly, claims such as those presented by Petitioner involve a purely state law issue and may not be considered on federal habeas review. Cooke, 131 S. Ct. at 862-63; *see also* 28 U.S.C. § 2254(a); Roberts, 640 F.3d at 1046 (a misapplication of the "some evidence" standard "makes no difference," because a "state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus"). As the claims alleged through the Petition are not cognizable, Rule 4 requires that the Petition be denied summarily, and

this action must be dismissed with prejudice.

For the foregoing reasons, IT IS ORDERED that: the Petition is DENIED; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: October 26, 2012

*/s/ Gary Klausner*
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

*/s/ Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE